UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE DROPBOX ACCOUNT LINKED TO E-MAIL ADDRESS brendan.j.m54@gmail.com THAT IS STORED AT PREMISES CONTROLLED BY DROPBOX INC. | Mag. No. 1:19-mj-_____<br><br>UNDER SEAL |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
SEARCH WARRANT**

I, Timothy DeMann, a Special Agent with the Federal Bureau of Investigation, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain Dropbox account identified by e-mail address **brendan.j.m54@gmail.com** that is stored at premises controlled by Dropbox Inc., an internet service provider headquartered at 333 Brannan Street, San Francisco, CA 94107. The information to be searched is described in the following paragraphs and Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Dropbox Inc., a provider of electronic communication and remote computing services, to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described n Section II Attachment B.

1

2. I have been employed as a Special Agent of the FBI since 2006, and am currently assigned to Boston Division, Portsmouth Resident Agency. I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251 and 2252A, and I am authorized by the Attorney General to request a search warrant. While employed by the FBI, I have investigated federal criminal violations related to high technology or cyber-crime, child exploitation, and child pornography. I have received training related to the investigation of crimes involving the sexual exploitation of children, and have actively participated in several such investigations. In addition to my training, I have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.

3. The information contained in this affidavit is based on my personal knowledge, information conveyed to me by other law enforcement official, and my review of records, documents, and other physical evidence obtained during this investigation.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. I submit that the facts set forth in this affidavit establish probable cause to believe that violations of 18 U.S.C. §§ 2252(a)(2) (distribution of child pornography) and 2252(a)(4)(B)(possession of child pornography) have been committed by the user of a Dropbox account identified by e-mail account brendan.j.m54@gmail.com, and that there is probable cause to believe that records and other information associated with the Dropbox account identified by e-mail account brendan.j.m54@gmail.com, described in Attachment A, contain evidence and fruits, and are instrumentalities of violations of 18.U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B), as set forth below.

## JURISDICTION

6.      This court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is a "district court of the United State …that—has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(ii).

7.      The investigation involves offenses within the jurisdiction and proper venue of the United States District Court of the District of New Hampshire, because the account at issue is available on the Internet and therefore accessible within the District of New Hampshire and elsewhere.  See 18 U.S.C. § 3237(a); *see also* 18 U.S.C. § § 3231 and 3232.  Moreover, the account discussed in this affidavit was accessed from the District of New Hampshire by an individual utilizing the account for which this warrant is being sought.  Accordingly, the District of New Hampshire has proper venue over the case.

## RELEVANT STATUTES

8.      This investigation concerns alleged violations of 18 U.S.C. § 2252(a)(2) and 2252(a)(4)(B), related to the distribution and possession of material depicting minor children engaged in sexually explicit conduct.

9.       18 U.S.C. § 2252 prohibits a person from knowingly possessing, accessing, and distributing any visual depiction that involves the use of a minor engaging in sexually explicit conduct (child pornography) when the depiction has been mailed, shipped, or transported in interstate commerce, or in and affecting interstate commerce by any means, including by computer.

10.     18 U.S.C. § 2252A prohibits a person from knowingly possessing, accessing, and distributing child pornography when the child pornography has been mailed, shipped, or

transported in interstate commerce, or in and affecting interstate commerce by any means, including by computer.

## DEFINITIONS

11. The following definitions apply to this Affidavit:

    a. **"Child Erotica"** means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily, in and of themselves, obscene, or that do not necessarily depict minors in sexually explicit poses or positions.

    b. **"Child Exploitation Material"**, as used herein, includes known or identified victims depicted in a non-sexually explicit manor (various stages of undress, from the back, face only, etc.), non-nude minors (clothed in sexually provocative poses, wearing sexually suggestive clothing or lingerie, etc.), age indeterminate (post pubescent, sexually explicit, but unable to say for certain that they are under 18 years of age).

    c. **"Child Pornography"** includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

    d. **"Computer,"** as used herein, is defined pursuant to 18 U.S.C. § 1030(e)(1) as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

    e. **"Computer Server" or "Server,"** as used herein, is a computer that is attached to a dedicated network and serves many users. A web server, for example, is a computer which hosts the data associated with a website. That web server receives requests from a user and delivers information from the server to the user's computer via the Internet. A DNS (domain name system) server, in essence, is a computer on the Internet that routes communications when a user types a domain name, such as www.cnn.com, into his or her web browser. Essentially, the domain name must be translated into an Internet Protocol (IP) address so the computer hosting the web site may be located, and the DNS server provides this function.

f.  **"Internet Service Providers" or "ISPs"** are commercial organizations which provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers, including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer various means by which to access the Internet including telephone based dial-up, broadband based access via a digital subscriber line (DSL) or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth, that the connection supports. Many ISPs assign each subscriber an account name such as a user name or screen name, an e-mail address, and an e-mail mailbox, and the subscriber typically creates a password for the account. By using a computer equipped with a telephone or cable modem, the subscriber can establish communication with an ISP over a telephone line or through a cable system, and can access the Internet by using his or her account name and password.

g.  **"Internet Protocol address" or "IP address"** refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet. IP addresses are also used by computer servers, including web servers, to communicate with other computers.

h.  **"Minor"** means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

i.  The terms **"records," "documents," and "materials,"** as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

j.  **"Sexually explicit conduct"** means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the anus, genitals, or pubic area

5

of any person.  See 18 U.S.C. § 2256(2).

k. **"Visual depictions"** include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image.  See 18 U.S.C. § 2256(5).

## PROBABLE CAUSE

12.  On October 17, 2018, an FBI task force officer acting in an undercover capacity (hereafter referred to as UC) communicated with "somekid284" through KIK Messenger ("KIK").[1]  The following is a transcript of the KIK chat messages between the UC and "somekid284:"

UC: Hey

UC: Perv dad her with Young . You ?

Somekid284: Perv dad here too, I have a daughter but sh's with her mom rn

UC: Oh damn

UC: My niece is 3 daughter 8

UC: Yours

UC: I'm 33 USA

Somekid284: Mine is 6

UC: Nice !

UC: How active are u

Somekid284: 29 USA

Somekid284: We've done everything really

---

[1] KIK is a freeware instant messaging mobile app from the Canadian company Kik Interactive, available free of charge on iOS and Android operating systems.  It uses a smartphone's data plan or Wi-Fi to allow the user to transmit and receive messages, photos, videos, sketches, mobile webpages, and other content after the user registers a username

Somekid284: U?

UC: Done mostly licking and sucking with the 3

UC: Starting to fuck my daughter but mostly just the head in and she jerks and sucks me

UC: When did u start with yours? Is she cool about keeping quiet

Somekid284: Damn I'd love to see some pics

UC: U have any of yours too?

Somekid284: She was 4 or so, and yeah she keeps quiet

UC: Nice

UC: Same with mine

Somekid284: Yeah, on my computer

UC: Cool I can take some have to be careful cause of gf here

UC: Is there a way u can prove she is your girl and not a net pic since she is not there ?

UC: Like maybe take a live pic of something in the background of the pic?

Somekid284: It's a vid but yeah

UC: Ok cool

UC: Hang on I can get better to but want u to know I'm legit

UC: How many fingers u want me to hold up ?

Somekid284: 3

UC: Ok hang on

UC: [The UC sent to an image to somekid284 depicting a purported child's stomach with the UC's fingers on the stomach][2]

UC: Yours ?

---

[2] The image did not depict a real child.  No image sent by the UC during the ensuing chat depicted a real child.

Somekid284: [Somekid284 sent a photograph of tiles from a room with three fingers]

Somekid284: These are the tiles on the wall of the vid

UC: Cool

UC: Can a see a short clip so I know

Somekid284: Yeah sorry, I'm trying to get it from my computer to my phone

UC: No worried take your time

Somekid284: Before I send, how'd you get my kik?

UC: Some other dad bob or something like that said u were cool

UC: Sorry

UC: Should have told u earlier

UC: Just wanted u to know I was cool

Somekid284: Can I see a pic of you touching your girl under her undies? Just to make sure your serous. I'm kinda nervous, sorry

UC: Hang on my gf is here but let me see what I can d

UC: Do

Somekid284: Ok thanks

UC: [the UC sent an image of a purported child with the UC pulling down one side of her shirt]

UC: Shit that was close lol

UC: Is that good for now till I have alone time

Somekid284: Yeah that's fine

UC: Thanks

Somekid284: [somekid284 sent a video of an adolescent child performing oral sex on an unidentified male]

UC: Do U think u can take a live of corner of the shower

UC: She is super cute

Somekid284: Yeah hold on

UC: Thanks

Somekid284: [somekid284 sent a picture of a shower]

Somekid284: Did you want me to hold fingers up or something?

UC: Thanks

UC: Hang on let me see

UC: Can u take a pic of the sink and glass doors of shower

UC: U there

UC: She will be leaving soon if still interested

13. The video sent by "somekid284" depicts child sexual abuse and is described as follows: the video is approximately 1 minute and 59 seconds in length. During the video a prepubescent minor female with blond hair is seen performing oral sex on an adult male. The minor female is estimated to be between 3-7 years of age based on my training and experience, the child's body size, and structure and physical development. (EXHIBIT 1.)

14. The UC determined through contact with the National Center for Missing and Exploited Children that the video was a known image of child pornography and therefore not produced by "somekid284."

15. On October 17, 2018, the FBI sent a subpoena to KIK for subscriber identification and IP access logs associated with username "somekid284." KIK responded by providing an unconfirmed e-mail address of                         , and IP logs spanning September 18, 2018 through October 17, 2018. FBI examination of these logs yielded frequently used IP

9

address of 65.175.149.177, which is assigned to Atlantic Broadband. This is also the IP address used by "somekid284" when communicating with the UC and sending the video to the UC

16. Based on IP addresses, internet subscriber records, public source records, and other information, investigators obtained a warrant from the United States District Court for the District of New Hampshire to search ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Meredith, New Hampshire, for evidence of certain child exploitation offenses. Agents executed the warrant on December 11, 2018, and seized several devices capable of storing images and other evidence of child exploitation including an iPhone and laptop believed to be used by Brendan Moynihan.

17. Pursuant to the warrant, FBI searched the electronic devices seized during the December 11, 2018 search. A search of the cell phone identified the email address brendan.j.m54@gmail.com as associated with the phone. A search of the laptop revealed that the user had accessed Dropbox.com. Multiple URLs that included file names indicative of child pornography were observed associated with Dropbox on this laptop.

18. On December 11, 2018, FBI agents interviewed Brendan Moynihan. Moynihan advised that the user name somekid284 is his KIK user name. Moynihan stated that he sent a child pornographic video, described as the video sent to the UC. Moynihan stated that he had downloaded the video to his Dropbox account from a Dropbox account belonging to a person he had been communicating with on Omegle.[3] Moynihan further stated he received and traded pornographic images, which may have included child pornogaphy, utilizing his Dropbox account.

---

[3] Omegle is a free online chat website that randomly pairs users in one-on-one chat sessions with strangers. The site has both a text feature and a video conferencing feature, and has a mobile application that lets users chat with strangers from mobile devices.

19. On February 5, 2019, a subpoena was sent to Dropbox requesting account information related to brendan.j.m54@gmail.com. Dropbox confirmed the account associated with e-mail brendan.j.m54@gmail.com is active and was joined on December 7, 2015.

20. On February 11, 2019, a preservation request was sent to Dropbox In, requesting preservation of stored data related to the account associated with e-mail address brendan.j.m54@gmail.com.

## LEGAL AUTHORITY AND INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

21. If issued, I anticipate executing this warrant 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) of the Electronic Communications Privacy Act. I intend to use the warrant to require Dropbox to disclose to the government copies of the records and other information (including the content of communications) located at the premises described in Attachment A ("Property to Be Searched") and particularly described in Attachment B, Part I ("Information to Be Disclosed by Dropbox"). Upon receipt of the information described in Part I of Attachment B, government-authorized persons will review that information to locate the items described in Part II of Attachment B ("Information to be seized by the Government").

22. The government may obtain internet and e-mail content and subscriber information from a third party by obtaining a search warrant (18 U.S.C. §§ 2703(a), 2703(c)(a)(A). Furthermore, unlike Rule 41 search warrants, a § 2703 warrant does not require an officer to be present for service or execution of the search warrant (18 U.S.C. § 2703(g)).

23. If the government obtains a search warrant, there is no requirement that the third party give notice to the subscriber (18 U.S.C. §§ 2703(b)(1)(A), (c)(3)).

## CONCLUSION

24. Based on the foregoing, I respectfully submit that there is probable cause to believe that on the computer servers maintained by Dropbox Inc., within the account mentioned herein and set forth in Attachment A, there exists evidence of violations of U.S.C. §§ 2252(a)(2)(distribution of child pornography) and 2252(a)(4)(B)(possession of child pornography).

25. I, therefore, respectfully request that the Court issue a warrant authorizing the search of the Dropbox account identified in Attachment A in order to seize and search the items listed in Attachment B.

/s/ Timothy DeMann
Special Agent Timothy DeMann
Federal Bureau of Investigation

Sworn to and subscribed before me this the   th day of February, 2019.

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge
District of New Hampshire

I have reviewed the images described in para. 13.

/s/ Andrea K. Johnstone
2/26/2019

## **ATTACHMENT A**

### **Property to be Searched**

This warrant applies to information associated with the Dropbox account identified by e-mail address brendan.j.m54@gmail.com that is stored at premises controlled by Dropbox Inc., a company that accepts service of legal process at 333 Brannan Street, San Francisco, CA 94107. Notwithstanding Title 18, United States Code, Section 2252A or similar statute or code, Dropbox Inc. shall disclose responsive data, if any, by delivering encrypted files to the United States Attorney's Office, District of New Hampshire, c/o Anna Krasinski, 53 Pleasant Street, 4th Floor, Concord, NH 03301.

**ATTACHMENT B**

**Particular Things to Be Seized**

I. **Information to be disclosed by Dropbox Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any messages, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for the account or identifier listed in Attachment A:

a. The contents of all folders associated with the account, including stored or preserved copies of files sent to and from the account, the source and destination addresses associated with the file, and the date and times at which each file was sent;

b. All transactional information of all activity of the Dropbox account described above, including log files, messaging logs, records of session times and durations, dates and times of connecting, methods of connecting, e-mails or "invites" sent or received via Dropbox, and any contact lists, IP addresses that sent or received via Dropbox;

c. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provide during registration, methods of connecting, log files, and means and source of payment (including any credit of bank account number);

    d.    All records or other information stored at any time by an individual using the account, including address books, contact an buddy lists, calendar data, pictures, and files; and

    e.    All records pertaining to communications between Dropbox and any person regarding the account or identifier, including contacts with support services and records of actions taken.

**II.    Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of 18 U.S.C. §§ 22529(a)(2) and 2252(a)(4)(B), including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) Records, data, and images relating to the possession, distribution, or receipt of material which constitute child erotica or child pornography (including any files – still images or video file – depicting child pornography).

(b) Records, data, and images relating to the identity of the person(s) who created, used, or communicated with the Dropbox account, including records that help reveal the whereabouts of such person(s) , such as, but not limited to, first name, last name, middle name, e-mail address, e-mail password, address, phone number, DOB, driver's license number, bank name, bank account number, bank routing number, company name, current years on the job, mother's maiden name, the IP address used to register the account, log-in IP address associated with session times and dates, account status, alternative e-mail addresses provide during registration, methods, of connecting, log files, and means and source or payment (including any credit or bank account number).

   (c) Records and data relating to the identity of the person(s) who communicated with the Drobox account regarding the possession, distribution, or receipt of materials that constitute child erotica or child pornography, including records that help reveal their whereabouts.